UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL LATROY HALL,

Plaintiff,

v.

STEVE HINKLEY,

Defendant.

Hon. Phillip J. Green

Case No. 1:25-cv-00198

**OPINION**

This matter is before the Court on Defendants' Motion for Summary Judgment. (ECF No. 11). For the reasons stated herein, Defendant's motion will be granted and this action terminated.

**BACKGROUND**

The events about which Plaintiff complains occurred at the Calhoun County Correctional Facility (CCCF) in Battle Creek, Calhoun County, Michigan. (ECF No. 1). Plaintiff sued several CCCF personnel in their individual and official capacities. (*Id.*). The Court permitted Plaintiff to proceed as a pauper, and, upon screening under 28 U.S.C. § 1915(e)(2), dismissed all claims except for Plaintiff's official capacity claim under the ADA against Defendant Hinkley. (ECF Nos. 4 and 5).

Plaintiff was booked into CCCF on July 17, 2024. (ECF No. 1-1, PageID.19). In his complaint, Plaintiff alleges that, on July 30, 2024, he was placed in a top bunk.

(ECF No. 1, PageID.7). On August 2, 2024, Plaintiff wrote a kite to medical through a kiosk, stating "[n]eed my bottom bunk detail for my back problems from the car accident on 3/10/24." (ECF No. 12-3, PageID.124). Nurse Boyer responded, "You will need to talk to the provider about this at your appointment." (*Id.*). Plaintiff alleges that he received his accommodation paperwork the following morning. (ECF No. 1, PageID.7). A "medical special accommodation" form dated August 3, 2024, stated that Plaintiff "must receive" a bottom bunk in main floor housing until his release. (ECF No. 1-1, PageID.18; ECF No. 12-3, PageID.96). The authorizing nurse noted "order wrote 7/17/24." (*Id.*). Plaintiff alleges he slept four nights in a top bunk—July 30, 2024 to the morning of August 3, 2024—causing "extreme pain to [his] left shoulder (surgery on 6/5/24), back pain[,] and right ankle pain." (ECF No. 1, PageID.7).

Defendant Hinkley filed a dispositive motion on both exhaustion grounds and on the merits. (ECF No. 11). Plaintiff failed to respond to Defendant's motion. The Court finds that oral argument is unnecessary. *See* W.D. MICH. LCIVR 7.2(d).

## SUMMARY JUDGMENT STANDARD

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). Whether a fact is "material" depends on "whether its resolution might affect the outcome of the case." *Harden v. Hillman*, 993 F.3d 465, 474 (6th Cir. 2021).

A party moving for summary judgment can satisfy its burden by demonstrating that the non-moving party, "having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the moving party makes this showing, the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006). The existence of a mere "scintilla of evidence" in support of the non-moving party's position, however, is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005).

While the Court must view the evidence in the light most favorable to the non-moving party, that party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence," establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006). Likewise, the non-moving party cannot merely "recite the incantation, 'credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353-54 (6th Cir. 2004).

Accordingly, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d

at 735. Stated differently, the "ultimate question is whether the evidence presents a sufficient factual disagreement to require submission of the case to the jury, or whether the evidence is so one-sided that the moving parties should prevail as a matter of law." *Harden*, 993 F.3d at 474.

## ANALYSIS

Because Plaintiff was incarcerated at CCCF at the time he filed the instant action, he is subject to the requirements of the Prison Litigation Reform Act (PLRA). *See* 42 U.S.C. S 1997e(a); *see also Napier v. Laurel Cnty., Ky.*, 636 F.3d 218, 222 (6th Cir. 2011) (noting that the PLRA applies to an inmate "in any jail, prison, or other correctional facility").

In order to "allow prison officials 'a fair opportunity' to address grievances on the merits, to correct prison errors that can and should be corrected and to create an administrative record for those disputes that eventually end up in court," *Reed-Bey v. Pramstaller*, 603 F.3d 322, 324 (6th Cir. 2010) (citing *Woodford v. Ngo*, 548 U.S. 81, 94-95 (2006)), the PLRA requires that:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a); *Jones v. Bock*, 549 U.S. 199, 211 (2007) ("There is no question that exhaustion is mandatory under the [PLRA] and that unexhausted claims cannot be brought in court.").

To exhaust administrative remedies, an incarcerated person must take "advantage of each step the prison holds out for resolving the claim internally" and "follow[ ] the 'critical procedural rules' of the prison's grievance process." *Reed-Bey*, 603 F.3d at 324 (citing *Woodford*, 548 U.S. at 94-95). "The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones*, 549 U.S. at 218. The failure to exhaust administrative remedies is "an affirmative defense under the PLRA," which the defendant bears the burden of establishing. *Id.* at 216.

CCCF's grievance policy requires that inmates first "[t]ry to informally resolve the matter with [their] Housing Deputy within 5 days of the incident." (ECF No. 18-1, PageID.207). Then, "[i]f [they] believe[d] that [they] have exhausted all means to informally resolve the matter with [their] Housing Deputy, [they] [could] file [their] grievance using the kiosk system (or a paper grievance if [they] [were] in segregation)," which "must be filed within 5 days of the incident." (*Id.*). The grievance "should include the name of the deputy [they] [were] having the problem with" and the date. (*Id.*). "Unless unusual circumstances arise," inmates "should receive a response within 5 days." (*Id.*).

Next, if inmates were "unable to resolve the issue with the deputy," they "may appeal the decision by filing the complaint with the Sergeant within 5 days of the Deputy's response." (*Id.*). Finally, if inmates were "unable to resolve the issue with

the Sergeant," they could "appeal the Sergeant's decision to the Shift Commander within 5 days of receiving the Sergeant's response." (*Id.*). "The Shift Commander will respond as soon as possible. The decision of the Shift Commander is the final answer, and the process ends." (*Id.*). Additionally, "[a]ny medical grievances can be sent directly to medical." (ECF No. 18-1, PageID.208).

Notably, per the CCCF inmate/detainee handbook, CCCF's disability accommodation request process is as follows:

> An inmate/detainee may identify themselves as disabled (communication or mobility difficulties) and request reasonable accommodations at any time during detention. Notifications of this will be delivered to the facility's Disability Compliance, ICE, and Classification Coordinator. It will be determined whether the inmate/detainee has a disability requiring accommodations, and the coordinator will issue a written decision to the requesting person within a reasonable time, but no later than 72 hours. The decision will be in your respective language. Classification staff will verify all accommodation requests for disabilities. Applications that were denied shall include justification and final review shall be made by the Chief Deputy.

(ECF No. 18-1, PageID.188).

Defendants argue that "Plaintiff never filed any grievance for any alleged injury he claims to have suffered for allegedly being forced to use a top bunk for a few days in early August 2024." (ECF No. 12, PageID.78-79). In support of their motion, Defendant provides evidence of Plaintiff's medical records, including his medical kites (ECF No. 12-3, PageID.94-125), and an affidavit from CCCF Jail Administrator Michael Farmer (ECF No. 12-3, PageID.91-92).

Jail Administrator Farmer testified in his affidavit that Plaintiff's grievance file contains only one grievance about "the issuance of a 10-day administrative segregation discipline" and "contains no written grievances related to his alleged back injury or any bunk assignment." (ECF No. 12-3, PageID.92). Plaintiff acknowledged this sole unrelated grievance in his complaint and does not allege that he wrote another grievance for not receiving a bottom bunk. (ECF No. 1, PageID.6). "To exhaust a claim under the PLRA, an incarcerated person's grievance claim must match the issue(s) found in the individual's § 1983 complaint." *Smith v. Washington*, No. 24-12652, 2025 WL 2947014, at *4 (E.D. Mich. Aug. 29, 2025). Plaintiff fails to create a genuine issue of material fact in response to Defendant's evidence demonstrating that Plaintiff did not exhaust his administrative grievances.

To the extent that Plaintiff should have submitted a kite to medical, there is no evidence that Plaintiff did so for not receiving a bottom bunk upon intake or even from July 30, 2024 until the morning of August 3, 2024. (ECF No. 12-3, PageID.118-25). The evidence shows, and Plaintiff acknowledges that, once he made the request, he received the accommodation the following day. (ECF No. 1-1, PageID.18; ECF No. 12-3, PageID.96; ECF No. 1, PageID.7).

Even viewing the evidence in a light most favorable to Plaintiff, he fails to create a genuine issue of material fact in response to Defendant's evidence demonstrating that Plaintiff did not exhaust his administrative grievances. Based on the uncontested

record, Plaintiff did not properly exhaust any grievance to support his remaining claim against Defendant Hinkley. *Bock*, 549 U.S. at 218-19; *Woodford*, 548 U.S. at 90-93.

## CONCLUSION

For the reasons articulated herein, Defendant's Motion for Summary Judgment (ECF No. 11) is granted, and this matter is terminated. An Order consistent with this Opinion will enter.

Date: September 3, 2026

/s/ Phillip J. Green
PHILLIP J. GREEN
United States Magistrate Judge